NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

WILBERT SONNY BARNES,
*Appellant*.

No. 1 CA-CR 18-0624
FILED 6-18-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-109363-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge Peter B. Swann joined.

_____

**J O H N S E N**, Judge:

**¶1** Wilbert Sonny Barnes appeals his conviction of burglary in the third degree and the resulting sentence. Barnes argues prosecutorial misconduct during his trial requires reversal. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** A motion-triggered camera briefly recorded a car and three persons inside the garage of a model home around 3:30 a.m. one day. Police were called and arrested the three, including Barnes, the registered owner of the car. The car contained office supplies worth $1,500 belonging to the homebuilding company that owned the model home. Barnes and the others were charged under Arizona Revised Statutes ("A.R.S.") section 13-1506(A)(1) (2019) with burglary of a nonresidential structure. *See also* A.R.S. § 13-1501(10) (2019) (defining nonresidential structure).[1]

**¶3** At trial, two police officers testified, along with S.B., the homebuilder's director of construction. The jury also saw a 28-second video taken by the motion-triggered camera of Barnes and the others in the garage. The video did not show Barnes loading any office supplies into the car, and no one testified to having seen him do so. Barnes did not testify or offer any evidence in his defense. In his opening statement, however, Barnes questioned why the video the State was going to offer in evidence was so short, and in his closing, he argued, "If Mr. Barnes was in that garage putting items in the car for 30 minutes, you would have more than 29 seconds of video."

_____

[1] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

¶4        In the State's rebuttal during closing, the following took place:

[Prosecutor]: So when we think about what the evidence is, we would like more footage, but we really shouldn't be surprised that this is all that camera was capable of giving us in that dark garage. And whether there is additional camera footage at the camera company that no one followed up on, . . . there is no indication for [S.B.] that this company does that. What he testified is that when this happened they sent him an alert, and they sent him the footage.

And in addition before I make this final point, I want to make it very clear, the burden of proving the defendant guilty and to put on evidence is entirely on the State and that never changes. You can't hold it against the defendant that he didn't put on any evidence and that he didn't put on a case.

[Barnes]: Objection. Burden shifting.

The Court: I think he's saying that the defense does not have that burden so, overruled.

[Barnes]: I make the objection again for the statement.

[Prosecutor]: Well [S.B.] and the officers didn't reach out to contact the surveillance company to see if there is additional footage, there is no evidence that defendant did either.

[Barnes]: Objection. Burden shifting.

[Prosecutor]: Your Honor, I'll continue to clarify the burden.

The Court: You're walking very close to the line. So, please move on.

[Prosecutor]: Yes, your Honor.

You can't hold that against him that he didn't do that.

[Barnes]: Objection. Burden shifting.

The Court: Overruled.

¶5        The jury found Barnes guilty, and the court sentenced him as a repetitive offender to eight years in prison. Barnes timely appealed. We

3

have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

**¶6**      Barnes argues the prosecutor's remarks recounted above impermissibly commented on his decision not to testify. *See State v. Rutledge*, 205 Ariz. 7, 12, ¶ 26 (2003) (prosecutor generally may not comment on a defendant's decision not to testify). The parties dispute whether Barnes properly objected to the prosecutor's remarks and consequently what standard of review applies. We need not address these arguments, however, because, taken in context, the prosecutor's remarks were permissible and no error of any kind occurred. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 18-19 (2005) (no harmless or fundamental error without proof of trial error).

**¶7**      "The Fifth Amendment of the United States Constitution[;] Article 2, Section 10, of the Arizona Constitution[;] and A.R.S. section 13-117(B) prohibit any comment, direct or indirect, by a prosecutor about the failure of a defendant to testify." *Rutledge*, 205 Ariz. at 12, ¶ 26. "Whether a prosecutor's comment is improper depends upon the context in which it was made and whether the jury would naturally and necessarily perceive it to be a comment on the defendant's failure to testify. We must look to the entire record and to the totality of the circumstances." *Id.* at 13, ¶ 33 (citation omitted). "Statements which are a fair rebuttal to an area opened by the defense do not violate" a defendant's right to not testify. *State v. Gillies*, 135 Ariz. 500, 510 (1983).

**¶8**      No error occurred here because the prosecutor said nothing about Barnes's failure to testify. Instead, the comments merely responded to Barnes's suggestion in closing that other portions of the motion-triggered videotape might have undermined the State's case. As recounted above, Barnes had argued, "If Mr. Barnes was in that garage putting items in the car for 30 minutes, you would have more than 29 seconds of video." The prosecutor was responding to this contention when he observed that as for "whether there is additional camera footage at the camera company," neither the police nor Barnes contacted "the surveillance company to see if there is additional footage." By the same token, the prosecutor's comment shortly thereafter to the jury that it "can't hold that against him that he didn't do that" again referred to Barnes's failure to obtain additional camera footage, not to his failure to testify.

**¶9**       In sum, the remarks Barnes challenges did not comment on his failure to testify in his defense but instead were in response to Barnes's contention during closing argument that the State had failed to provide sufficient video evidence.  *See Gillies*, 135 Ariz. at 510.  Taken in context, these comments were permissible, so no error of any kind occurred.  *See Henderson*, 210 Ariz. at 567, ¶¶ 18-19.

## CONCLUSION

**¶10**      For the foregoing reasons, we affirm Barnes's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5